UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADREANA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>FESTIVAL FUN PARKS LLC d/b/a PALACE ENTERTAINMENT,<br><br>                    Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Adreana Rodriguez brings this action on behalf of herself, and all others similarly situated against Festival Fun Parks LLC d/b/a Palace Entertainment ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. For over a year, Defendant has been nickel and diming visitors of its Splish Splash amusement park on its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a consumer selects an admission ticket on the website https://www.splishsplash.com/, she is quoted a fee-less price, only to be ambushed by a $4.00 "processing fee" per ticket at checkout after clicking through the various screens required to make a purchase. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2. To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost

1

of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.* This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

3. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendant's place of entertainment, Splish Splash, for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold at least 100,000 tickets to its place of entertainment through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

5. This Court has personal jurisdiction over Defendant because Defendant operates a place of entertainment, Splish Splash, in the state of New York and sells tickets to visit Splish Splash through its website.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff purchased tickets to visit Defendant's place of entertainment in this District.

**PARTIES**

7. Plaintiff Adreana Rodriguez is an individual consumer who, at all times material hereto, was a citizen and resident of Queens, New York. Plaintiff purchased four admission tickets to Splish Splash on or about June 5, 2023 through Defendant's website, https://www.splishsplash.com/. The transaction flow process she viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 4 in this Complaint.

8. Defendant Festival Fun Parks LLC d/b/a Palace Entertainment is a Delaware limited liability company with its principal place of business in Pittsburgh, Pennsylvania. Defendant owns and operates amusement parks throughout the United States, including Splish Splash in Calverton, New York.

**RELEVANT FACTUAL ALLEGATIONS**

9. When a person visits Defendant's website, https://www.splishsplash.com/, on the main page, she can click the "Buy Tickets" button to select admission tickets to visit Defendant's Splish Splash. *See* Figure 1.



**Figure 1**

10. After a consumer selects the "Buy Tickets" button, she is taken to a screen which provides her with a choice to select a "season pass" or an "any day ticket." *See* Figure 2. The screen displays the cost of the "any day ticket" at "[a]s low as $59.99." *Id.* The "total cost" of any ticket, inclusive of fees, is not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4). *Id.*[1]



**Figure 2**

11. After a consumer clicks on the ticket type on Figure 2, she is taken to another page where she can select the quantity of tickets she wishes to purchase. *See* Figure 3, below.

---

[1] While this Complaint displays the "Any Day Ticket" purchase flow, the Season Passes" purchase flow is substantially similar in all material respects.

The total cost of the ticket is not also displayed on this page.  *Id.*  Rather, the page reflects a per ticket price of $59.99.  *Id.*



**Figure 3**

  12. *After* a consumer selects the quantity of tickets she wishes to purchase and clicks "Continue," she is taken to the checkout screen, where a $4.00 per ticket "processing fee" is displayed for the first time.  *Id*.



**Figure 4**

**NEW YORK ARTS & CULTURAL AFFAIRS LAW**

13. Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "[e]very operator or operator's agent of a place of entertainment… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a <u>service charge</u>, or any other fee or surcharge to the purchaser.  Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added).  And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *Compare with* Figures 2 through 4.

14. Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law. As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser." *Id.* at 2 (emphasis added). "In short, the ticket listing must include the total cost of the ticket, with a breakdown of all service charges, fees and surcharges, that the purchaser must pay just to purchase the ticket." *Id.* (emphasis added).

## CLASS ACTION ALLEGATIONS

15. **Nationwide Class:** Plaintiff seeks to represent a class defined as all individuals in the United States who purchased tickets to Splish Splash from Defendant's website on or after August 29, 2022. Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

16. **New York Subclass:** Plaintiff seeks to represent a class defined as all individuals in New York who purchased tickets to Splish Splash from Defendant's website on or after August 29, 2022. Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

17. Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Nationwide Class and New York Subclass are at least in the hundreds of thousands.[2] The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

18. Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members. Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).

19. The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to disclose the total cost of its tickets, including Defendant's processing fees, throughout the online ticket purchase process.

---

[2] According to The Themed Entertainment Association and AECOM's 2019 Theme Index and Museum Index: The Global Attractions Attendance Report, more than 540,000 people visited Splish Splash in 2019 alone. *See* https://www.tripinfo.com/tips/top-20-north-american-water-parks-by-attendance (last visited Feb. 10, 2024).

20. Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because her interests do not conflict with the interests of the Nationwide Class and New York Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

21. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members. Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### New York Arts & Cultural Affairs Law § 25.07
**(On Behalf Of The Nationwide Class and New York Subclass)**

22. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

23. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

24. Defendant is an "operator… of a place of entertainment" because Defendant operates the Splish Splash, which is a "place of entertainment." "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

25. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 2 through 4 of this Complaint.

26. Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in Figures 2 through 4 of this Complaint.

27. Defendant's "processing fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

28. On or about June 5, 2023, Plaintiff purchased four tickets on Defendant's website and was forced to pay Defendant's processing fees.[3] Plaintiff was harmed by paying these processing fees, even though that total cost was not disclosed to Plaintiff at the beginning of the

---

[3] Plaintiff was charged a processing fee of $2.50 per ticket. The processing fee today is listed at $4 per ticket. The purchase flow was otherwise substantially similar to that depicted in this Complaint.

purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

29. On behalf of herself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass prays for judgment as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

Dated: February 16, 2024   **BURSOR & FISHER, P.A**.

By: _/s/ Philip L. Fraietta_
      Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*