**EXHIBIT 1**

ADREANA RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FESTIVAL FUN PARKS, LLC d/b/a PALACE ENTERTAINMENT,

Defendant.

Civil Action No. 2:24-cv-01245-NJC-ARL

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff Adreana Rodriguez ("Plaintiff"); (ii) each and every member of the Settlement Class (as defined herein); and (iii) Defendant Festival Fun Parks, LLC d/b/a Palace Entertainment ("Defendant").  The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted.  The Plaintiff and the Defendant are collectively referred to herein as the "Parties."  This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A. On February 16, 2024, Plaintiff filed a putative class action in the United States District Court for the Eastern District of New York.  The material allegations of the Complaint center on Defendant's alleged failure to disclose a "processing fee" for tickets to its Splish Splash waterpark prior to those tickets being selected for purchase, in alleged violation of New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4).

B. On April 5, 2024, Defendant responded to the Complaint with a motion to compel

arbitration pursuant to the Federal Arbitration Act. (ECF No. 6). Plaintiff opposed the motion on May 3, 2024 (ECF No. 9) and Defendant filed a reply brief on May 10, 2024 (ECF No. 12).

C. On January 27, 2025, the Court issued a Memorandum and Order denying Defendant's motion to compel arbitration (ECF No. 18).

D. On March 10, 2025, Defendant filed an Answer to the Complaint denying the allegations and liability generally, and raising 14 affirmative defenses (ECF No. 21).

E. On March 11, 2025, the Court entered a Scheduling Order (ECF No. 24) and referred the Parties to mediation.

F. The Parties then proceeded to exchange written and document discovery, including on issues such as the size and scope of the putative class and the amount of processing fees Defendant collected during the relevant time period. The Parties therefore had sufficient information to assess the strengths and weaknesses of the claims and defenses.

G. From the outset of the case, the Parties engaged in settlement discussions pursuant to their obligations under Fed. R. Civ. P. 26 and, to that end, and in accordance with the Court's directive, agreed to participate in a private mediation with Chris McDonald, Esq., a well-regarded class action mediator on the Eastern District of New York's ADR Panel.

H. On May 7, 2025, the Parties conducted a mediation before Mr. McDonald. While the Parties were not able to reach an agreement that day, they made progress and agreed to resume their mediation approximately 30 days later.

I. On June 5, 2025, the Parties conducted a second mediation before Mr. McDonald. That mediation was unsuccessful and the Parties returned to litigation.

J. After a few weeks, the Parties resumed their settlement negotiations, and on July 30, 2025, reached an agreement on all material terms of a class action settlement and executed a term sheet.

2

K.  Defendant believes that the claims asserted in the above-captioned action (the "Action") against it have no merit and that it would have prevailed on a motion to dismiss, at summary judgment, and/or at trial and that Plaintiff would not have been able to certify a class under the requirements of Federal Rule of Civil Procedure 23.  Defendant has denied and continues to deny any wrongdoing, liability, or fault whatsoever and has denied and continues to deny that it committed, or attempted to commit, any wrongful act or violation of law or duty alleged in the Action.  Defendant has opposed and continues to oppose certification of a litigation class in this Action.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise. The Agreement, any related documents, and any negotiations relating to or supporting the Agreement shall not be construed as or deemed to be evidence of, an admission, or a concession of liability, fault, or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of fault or liability or wrongdoing or damage whatsoever, or with respect to the certifiability of a litigation class.

L.  Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would have prevailed at summary judgment and/or trial.  Nonetheless, Plaintiff and Class Counsel (defined below) recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail.  Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through a motion to dismiss, class certification, summary judgment, trial, and any subsequent appeals.  Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties

3

inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

**AGREEMENT**

**1. DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1** **"Action"** means *Rodriguez v. Festival Fun Parks, LLC d/b/a Palace Entertainment*, Civil Action No. 2:24-cv-01245, pending in the United States District Court for the Eastern District of New York.

**1.2** **"Alternate Judgment"** means a form of final judgment that may be entered by the Court herein, but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elect to terminate this Settlement by reason of such variance.

1.3     **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that is: (a) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) signed by the Settlement Class Member, physically or electronically; and (d) approved by the Settlement Administrator pursuant to the provisions of this Agreement.

1.4     **"Available Settlement Fund"** means the Settlement Fund less any Settlement Administration Expenses, any Service Award to the Class Representative, any Fee Award to Class Counsel, any taxes paid on the Settlement Fund (including any interest or penalties thereon), and any other costs, fees or expenses approved by the Court to be paid from the Settlement Fund.

1.5     **"Cash Award"** means the cash compensation, payable by the Settlement Administrator from the Settlement Fund on a *pro rata* basis, that each Settlement Class Member who submits an Approved Claim shall be entitled to receive.

1.6     **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

1.7     **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and Claim Form. Failure to submit a timely claim by the Claims Deadline will prevent a Settlement Class Member from receiving a settlement payment from the Settlement Fund.

**1.8** **"Class Counsel"** means Philip L. Fraietta, Stefan Bogdanovich, and Eleanor R. Grasso of Bursor & Fisher, P.A. and Rachel Dapeer of Dapeer Law, P.A.

**1.9** **"Class Representative"** means the named Plaintiff in this Action, Adreana Rodriguez.

**1.10** **"Court"** means the United States District Court for the Eastern District of New York, the Honorable Nusrat J. Choudhury presiding, or any judge who may succeed her in the Action.

**1.11** **"Days"** means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included. When computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday or federal or State of New York legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or federal or State of New York legal holiday.

**1.12** **"Defendant"** means Festival Fun Parks, LLC d/b/a Palace Entertainment.

**1.13** **"Defendant's Counsel"** means Elizabeth M. Del Cid and Remee Kim of O'Hagan Meyer PLLC.

**1.14** **"Defendant's Website"** means https://www.splishsplash.com/.

**1.15** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.16** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by or on behalf of Defendant into the Escrow Account in accordance with the terms of

this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.17 "**Fee Award**" means the amount of attorneys' fees, costs, and expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.18 "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.19 "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the service award to the Class Representative.

1.20 "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

1.21 "**Individual Out-of-Pocket Fees**" means the total amount of processing fees paid to Defendant by any one Settlement Class Member in connection with the Settlement Class

Member's purchase of an electronic ticket or electronic tickets to Defendant's Place of Entertainment from Defendant's Website, from August 29, 2022 through and including March 5, 2024.

1.22    **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibits A, B, and C hereto.

1.23    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1(b) is complete, which shall be no later than twenty-eight (28) days after entry of the Preliminary Approval Order.

1.24    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than sixty (60) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

1.25    **"Out-of-Pocket Fees"** means the total amount of processing fees paid to Defendant collectively by every Settlement Class Member.

1.26    **"Out-of-Pocket Percentage"** for a Settlement Class Member means that Settlement Class Member's Individual Out-of-Pocket Fees divided by Out-of-Pocket Fees.

1.27    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, affiliates, parents,

predecessors, successors, representatives, or assigns, subsidiaries, insurers, reinsurers, and their past, present and future directors, officers, shareholders, members, faculty, employees, agents, and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, and attorneys. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.28 **"Place of Entertainment"** means Splish Splash waterpark.

1.29 **"Plaintiffs"** means Adreana Rodriguez and the Settlement Class Members.

1.30 **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.31 **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for Preliminary Approval of the Agreement.

1.32 **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the ACAL or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of or in any way related to processing fees in connection with electronic ticket sales from August 29, 2022 to March 5,

2024, including all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

1.33 **"Released Parties"** means Defendant, and all of its current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, or related corporate entities, and all of their respective current, future, and former employees, officers, directors, shareholders, assigns, agents, trustees, administrators, executors, insurers, reinsurers, attorneys, and customers.

1.34 **"Releasing Parties"** means Plaintiff, Settlement Class Members, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.35 **"Service Award"** means any Court-approved award to the Class Representative, in her capacity as individual class representative, as set forth in Paragraph 8.3, and payable by the Settlement Administrator from the Settlement Fund.

1.36 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from members of the Settlement Class, mailing checks, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

**1.37** **"Settlement Administrator"** means Epiq, or such other reputable administration company that has been selected jointly by the Parties and approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, as well as the processing and payment of any claims to the Settlement Class as set forth in this Agreement, handing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.

**1.38** **"Settlement Amount"** means $1,000,000.00 United States Dollars.

**1.39** **"Settlement Class"** means all include all individuals in the United States who purchased electronic tickets to the Splish Splash waterpark from Defendant's website, www.splishsplash.com, from August 29, 2022 to and through March 5, 2024, and were charged processing fees. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who submit a timely and valid request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) Class Counsel.

**1.40** **"Settlement Class Member"** means an individual who falls within the definition of the Settlement Class as set forth above and who has not submitted a timely and valid request for exclusion from the Settlement Class.

**1.41** **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of the Settlement Amount to be

deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any Service Award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court to be paid from the Settlement Fund. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. Defendant shall not be responsible for paying any interest that may accrue on the sums deposited in the Escrow Account, and shall not be responsible for any banking fees or costs associated with the sums deposited in the Escrow Account. The payment of the Settlement Amount by, or on behalf of, Defendant fully discharges the Defendant and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Class Member, or any other Person, under this Agreement. In no event shall the total monetary obligation with respect to this Agreement on behalf of Defendant exceed $1,000,000.00.

**1.42** **"Settlement Website"** means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the long-form Notice and the Claim Form, as well as web-based forms for Settlement Class Members to submit electronic Claim Forms,

requests for exclusion from the Settlement, and updated postal addresses to which Cash Awards should be sent after the Settlement becomes Final.

1.43 **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2. **SETTLEMENT RELIEF.**

2.1 **Payments to Settlement Class Members.**

(a) Within thirty (30) days after entry of the Preliminary Approval Order, Defendant shall pay or cause to be paid the Settlement Amount into the Escrow Account.

**(b)** Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to receive as a Cash Award a pro rata payment from the Settlement Fund. The pro rata payment for each Settlement Class Member will be equal to that Settlement Class Member's Out-of-Pocket Percentage multiplied by the Available Settlement Fund. Proration of amounts due to Settlement Class Members with Approved Claims shall be determined no later than 60 days after Final Judgment.

**(c)** The Settlement Administrator shall pay from the Settlement Fund all Cash Awards to those Settlement Class Members with Approved Claims by check or electronic payment, at the Settlement Class Member's election. Payments of Cash Awards to all Settlement Class Members with Approved Claims shall be made within ninety (90) days after entry of Final Judgment.

**(d)** To the extent that any Settlement Class Members do not claim their Cash Awards within one-hundred-eighty (180) days after Cash Awards are distributed in accordance with Section 2.1(b), such Settlement Class Members shall have waived their right to a Cash Award and any unclaimed funds shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such unclaimed funds) to all Settlement Class Members who claimed their payments.

**(e)** To the extent a secondary distribution would be infeasible, any unclaimed funds shall, subject to Court approval, revert to the Legal Aid Society, a non-sectarian, not-for-profit organization, or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court.

**(f)** Subject to the provisions pertaining to the termination or cancellation of the Settlement, as set forth in Paragraph 9, no portion of the Settlement Fund shall revert back to

14

Defendant.

**2.2** **Prospective Relief.**  Defendant agrees to maintain the purchase flows for tickets to its Splish Splash waterpark on its website in a manner that either (1) does not charge fees on ticket sales, or (2) if fees will be charged, Defendant shall clearly and conspicuously disclose the total cost of the tickets, inclusive of fees, prior to the ticket being selected for purchase, unless and until New York Arts and Cultural Affairs Law § 25.07(4) is amended, repealed, or otherwise invalidated.

**3.**    **RELEASE.**

**3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims as against all Released Parties.

**3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.**    **NOTICE TO THE CLASS.**

**4.1**    The Notice Plan shall consist of the following:

**(a)**    *Settlement Class List*.  No later than twenty-eight (28) days after the execution of this Agreement, Defendant shall produce to the Settlement Administrator with a copy to Class Counsel an electronic list from its records that includes the names, last known email addresses, and the total amount of Out-of-Pocket Fees paid by each Settlement Class Member, to the extent available.  This electronic document shall be called the "Class List".

**(b)**    *Direct Notice via Email.*  No later than twenty-eight (28) days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B to all Settlement Class Members for whom a valid email address is in the Class List.  In the event transmission of email notice results in any

"bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur, including running a "skip-trace" to identify any potential alternative email addresses, and make a second attempt to re-send the email notice.

**(c)** *Reminder Notice.* Both thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

**(d)** *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.splishsplashticketfeesettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator and shall provide Settlement Class Members with the ability to file Claim Forms online. Copies of this Settlement Agreement, the long-form Notice, and other pertinent documents and Court filings pertaining to the Settlement (including the motion for attorneys' fees upon its filing), shall be provided on the Settlement Website. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto.

**(e)** *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Defendant, with the Settlement Administrator acting on its behalf, shall cause to be served upon the Attorneys General of each U.S. State and Territory in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law, subject to Paragraph 5.1 below.

**4.2**     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

**4.3**     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include:  (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**4.4**     If a Settlement Class Member or any of the Objecting Attorneys has/have objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal,

without any modification to the settlement, then the objection described in Paragraph 4.3 above must include a statement identifying each such case by full case caption and amount of payment received.

**4.5**     A Settlement Class Member may request to be excluded from the Settlement Class by timely submitting a request for exclusion on the Settlement Website or sending a written request to the address identified in the Notice. Any such request for exclusion must be submitted on the Settlement Website or be postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person who would otherwise be a Settlement Class Member must timely submit a request for exclusion on the Settlement Website or send a written request for exclusion to the Settlement Administrator that contains his/her name and address, that he/she purchased electronic tickets to Defendant's Place of Entertainment from Defendant's Website, from August 29, 2022 to and through March 5, 2024; and paid a processing fee in connection with such purchase, the name and case number of the Action, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved.  Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  Any request for exclusion must be personally signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for

exclusion must be submitted on the Settlement Website by 11:59 p.m., Eastern Standard Time, on the date specified in the Notice, or be postmarked or received by the date specified in the Notice.

**4.6** The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(b) is provided.

**4.7** Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, timely and validly seek exclusion from the Settlement Class, will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5. SETTLEMENT ADMINISTRATION.**

**5.1** The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms and requests for exclusion from the Settlement, and disbursing funds from the Settlement Fund in a rational, responsive, cost effective, and timely manner. The terms of this Agreement, upon approval by the Court, shall at all times govern the scope of the services to be provided by the Settlement Administrator to administer the Settlement, and the terms of any separate contract or agreement entered into between or among the Settlement Administrator and Class Counsel, Defendant's Counsel, or the Defendant to administer the Settlement shall be consistent in all material respects with the terms of this Agreement. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other

information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members. Without limiting the foregoing, the Settlement Administrator shall:

**(a)** Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the Claims Deadline;

**(b)** Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings or language or other communications with the Settlement Class, at least five (5) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on case by case basis;

**(c)** Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

20

**(d)** Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms and requests for exclusion and/or objections received; and

**(e)** Make available for inspection by Class Counsel and Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

**5.2** The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or is submitted after the Claims Deadline. Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.3** Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Court for binding determination.

**5.4**. Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective

designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

**5.5**.     All taxes and tax expenses shall be paid out of the Settlement Fund, and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

**6.     TERMINATION OF SETTLEMENT.**

**6.1**     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right but not the obligation to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the

Final Judgment is modified or reversed in any material respect by an appellate court with jurisdiction; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by an appellate court with jurisdiction.

**6.2     Confirmatory Discovery.**  Discovery has demonstrated that Defendant collected $520,835 in processing fees from 78,815 transactions from electronic ticket sales to the Splish Splash waterpark on Defendant's Website, from August 29, 2022 to and through March 5, 2024.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall file this Agreement together with the Exhibits annexed hereto with the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, and C hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and finally approve the Settlement of the Action as set forth herein.

**7.3** After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

(a) find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

(b) approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c) find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d) find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

(e) dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)** incorporate the release set forth above, make the release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**(g)** permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)** without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

**(i)** incorporate any other provisions, as the Court deems necessary and just.

**8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARD.**

**8.1** Pursuant to Fed. R. Civ. P. 23(h) and ACAL § 25.33, Defendant agrees that Class Counsel shall be entitled to seek an award of reasonable attorneys' fees and costs out of the Settlement Fund in an amount to be determined by the Court as the Fee Award. With no consideration given or received, Class Counsel will limit its petition for attorneys' fees, costs, and expenses to no more than one-third of the Settlement Fund (i.e., $333,333.33). Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

**8.2** The Fee Award shall be payable by the Settlement Administrator within ten (10) days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibits D-1 and D-2, and providing all payment routing information and tax I.D. numbers for

Class Counsel.  Payment of the Fee Award shall be made from the Settlement Fund by wire transfer to Bursor & Fisher, P.A., as agent for Class Counsel, in accordance with wire instructions to be provided by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms.  Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then any Persons or firms who shall have received the funds shall be severally liable for payments made pursuant to this subparagraph, and shall return such funds to the Settlement Fund.  Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

**8.3** Class Counsel intends to file a motion for Court approval of a Service Award to the Class Representative, to be paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement.  With no consideration having been given or received for this limitation, Plaintiff will seek no more than $5,000 as a Service Award.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.  Such Service Award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after entry of the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

**9.  CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1** The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)** The Parties and their counsel have executed this Agreement;

**(b)** The Court has entered the Preliminary Approval Order;

**(c)** The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**(d)** The Final Judgment has become Final or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2** If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the Settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties and Settlement Class Members (which notice may be given by the Settlement Administrator via email to the email addresses on record for Settlement Class Members). Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the Fee Award to be requested by Class Counsel and/or the Service Award to be requested for the Class Representative, as set forth in Section 8 above, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final

Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into. Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendant or its insurer(s), based upon written instructions provided by Defendant's Counsel. In the event that the Final Judgment or any material part thereof is vacated, overturned, reversed, or rendered void as a result of any timely filed appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days thereof repay to Defendant or its insurer(s), based upon written instructions provided by Defendant's Counsel, the full amount of the Fee Award, including any accrued interest, and shall cause Class Representative to repay to Defendant or its insurer(s), based upon written instructions provided by Defendant's Counsel, the full amount of the Service Award, including any accrued interest. In the event the Fee Award, Service Award, or any part thereof is vacated, modified, reversed, or rendered void as a result of a timely filed appeal, Class Counsel shall within thirty (30) days thereof repay, or cause Class Representative to repay, to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the Fee Award and/or Service Award, in the amount vacated or modified, including any accrued interest.

## 10. MISCELLANEOUS PROVISIONS.

**10.1** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this

Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3** The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4** Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

(a) is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or

other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the Settlement Amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)     is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing or statutory meaning (including but not limited to the definitions of Michigan Subscriber Information and Settlement Class) as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, as set forth herein, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or the settlement, as set forth herein, may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)** is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

**(e)** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5** The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the *status quo ante*, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6**.     No person or entity shall have any claim against the Class Representative, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**10.7**.     All proceedings with respect to the administration, processing and determination of Claim Forms and settlement payments and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claim Forms and settlement payments, shall be subject to the jurisdiction of the Court.

**10.8**     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.9**     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.10**     All of the Exhibits annexed to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.11**     This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or the Exhibits annexed hereto other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be

amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.12** Except as otherwise provided herein, each Party shall bear its own costs.

**10.13** Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that she is fully entitled to release the same.

**10.14** Each counsel or other Person executing this Settlement Agreement, any of the Exhibits annexed hereto, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.15** This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests. This Agreement is not binding on the Parties until fully executed by each of the Parties hereto.

**10.16** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.17** The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.18** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**10.19** This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.20** Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Philip L. Fraietta, Bursor & Fisher, P.A., 1330 Avenue of the Americas, 32nd Floor, New York, NY 10019, pfraietta@bursor.com; Elizabeth Del Cid, O'Hagan Meyer PLLC, 225 West 34th Street, 9th Floor, New York, NY 10122, edelcid@ohaganmeyer.com.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGES TO FOLLOW]

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: Aug 18, 2025 

**ADREANA RODRIGUEZ**

By: _Adreana Rodriguez (Aug 18, 2025 17:28:49 EDT)_

Adreana Rodriguez, individually and as representative of the Settlement Class

Dated: 15/08/25 

**FESTIVAL FUN PARKS, LLC D/B/A PALACE ENTERTAINMENT**

By: _Suzanne Pfordresher_
Suzanne Pfordresher (Aug 15, 2025 13:10:16 EDT)

Name: Suzanne Pfordresher

Title: VP, Marketing & Sales

**IT IS SO STIPULATED BY COUNSEL:**

Dated: Aug 18, 2025 

**BURSOR & FISHER, PA**

By: _____

Philip L. Fraietta
pfraietta@bursor.com
Eleanor R. Grasso
egrasso@bursor.com
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (646) 837-7150
Fax: (212) 989-9163

Stefan Bogdanovich
sbogdanovich@bursor.com
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700

Dated: Aug 18, 2015 

**DAPEER LAW, P.A.**

By: _Rachel Dapeer (Aug 18, 2025 18:17:01 EDT)_

Rachel Dapeer
rachel@dapeer.com
DAPEER LAW, P.A.

35

156 W. 56th Street, Suite 902
New York, NY 10019
Tel: (917) 456-9603

*Proposed Class Counsel*

Dated: 8/14/2025         **O'Hagan Meyer PLLC**

By: _____
Elizabeth Del Cid
edelcid@ohaganmeyer.com
Remee Kim
rkim@ohaganmeyer.com
O'Hagan Meyer PLLC
225 West 34th Street, 9th Floor
New York, NY 10122
Tel: (312) 422-6100
Fax: (312) 422-6100

*Attorneys for Defendant*

**EXHIBIT A**

**Rodriguez v. Festival Fun Parks, LLC d/b/a Palace Entertainment**
United States District Court for the Eastern District of New York
Civil Action No. 2:24-cv-01245-NJC-ARL
**<u>Settlement Claim Form</u>**

---

**If you are a Settlement Class Member and wish to receive a cash payment, your completed Claim Form must be postmarked on or before [_____], or submitted online on or before [_____].**

---

Please read the full notice of this settlement (available at **<u>[hyperlink]</u>**) carefully before filling out this Claim Form.

To be eligible to receive a cash payment from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail.

> **<u>ONLINE</u>:**  Submit this Claim Form.
>
> **<u>MAIL</u>:**  **[ADDRESS]**

---

## PART ONE:  CLAIMANT INFORMATION & PAYMENT METHOD ELECTION

---

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

|  |  |
|---|---|
| **FIRST NAME** | **LAST NAME** |

**STREET ADDRESS**

| | | |
|---|---|---|
| **CITY** | **STATE** | **ZIP CODE** |

**EMAIL ADDRESS**

**<u>POTENTIAL CASH PAYMENT</u>:** You may be eligible to receive a *pro rata* cash payment, which will be based on the total amount of processing fees you paid, if you purchased electronic tickets to Splish Splash waterpark from Defendant's website https://www.splishsplash.com/, from August 29, 2022 through and including March 5, 2024.

**<u>PREFERRED PAYMENT METHOD</u>:**

Venmo  ☐  Venmo Username: _____

PayPal  ☐  PayPal Email: _____

Zelle  ☐  Zelle Email: _____

Check  ☐

QUESTIONS? VISIT [hyperlink] OR CALL [NUMBER] TOLL-FREE

## PART TWO: ATTESTATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that: (i) between August 29, 2022, to and through March 5, 2024, I purchased one or more electronic tickets to Splish Splash waterpark from Defendant's website https://www.splishsplash.com/ and paid a processing fee in connection with such purchase; (ii) all of the information on this Claim Form is true and correct to the best of my knowledge; and (iii) I am authorized to submit this Claim Form and have not assigned or transferred any rights, claims, or remedies I may be entitled to as a Settlement Class Member in this settlement.  I understand that my Claim Form may be subject to audit, verification, and Court review.

|  |  |
|---|---|
| **SIGNATURE** | **DATE** |

**Please keep a copy of your Claim Form for your records.**

**EXHIBIT B**

From: SettlementAdministrator@splishsplashticketfeesettlement.com
To: JonQClassMember@domain.com
Re: Legal Notice of Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Rodriguez v. Festival Fun Parks, LLC d/b/a Palace Entertainment*,
Civil Action No. 2:24-cv-01245-NJC-ARL
**(United States District Court for the Eastern District of New York)**

**Our Records Indicate You Purchased Electronic Tickets to Splish Splash waterpark between August 29, 2022 and March 5, 2024 and Paid a Processing Fee In Connection With Such Purchase, and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Festival Fun Parks, LLC d/b/a Palace Entertainment ("Defendant"), failed to properly disclose a processing fee for electronic tickets to Splish Splash waterpark prior to those tickets being selected for purchase, in alleged violation of New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4). Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**<u>Am I A Class Member?</u>** Our records indicate you purchased electronic tickets to Splish Splash waterpark between August 29, 2022 and March 5, 2024, and paid a processing fee in connection with such purchase.

**<u>What Does The Settlement Provide?</u>** A Settlement Fund of $1,000,000 has been established to pay the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs, and a service award to the Class Representative.[1] Additionally, as part of the Settlement Agreement, Defendant has agreed to maintain the purchase flows for tickets to its Splish Splash waterpark on its website in a manner that either (1) does not charge fees on ticket sales, or (2) if fees will be charged, Defendant shall clearly and conspicuously disclose the total cost of the tickets, inclusive of fees, prior to the ticket being selected for purchase, unless and until New York Arts and Cultural Affairs Law § 25.07(4) is amended, repealed, or otherwise invalidated.

**<u>How Do I Get A Payment?</u>** To receive a *pro rata* share of the Settlement Fund, which will be based on the total amount of fees you paid, you **must** submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking [here.] Your payment will made via PayPal, Venmo, Zelle, or check, at your election. Claim Forms must be submitted online by 11:59 p.m. EST on [DATE] or postmarked and mailed by [DATE].

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Settlement Agreement which can be viewed at www.splishsplashticketfeesettlement.com.

**What Are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than [**objection/exclusion deadline**].  If you exclude yourself, you cannot receive a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit.  You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement.  Your written objection must be filed no later than [**objection/exclusion deadline**].  Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.splishsplashticketfeesettlement.com.  If you file a claim or do nothing, and the Court approves the Settlement Agreement, you will be bound by all of the Court's orders and judgments.  In addition, your claims relating to the alleged collection by Defendant of fees in connection with electronic ticket sales to its Splish Splash waterpark from August 29, 2022 through and including March 5, 2024 will be released.

**Who Represents Me?** The Court has appointed lawyers Philip L. Fraietta, Stefan Bogdanovich, and Eleanor R. Grasso of Bursor & Fisher, P.A. and Rachel Dapeer of Dapeer Law, P.A. to represent the class.  These attorneys are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will The Court Consider The Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [date] in Courtroom 1040 at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722.  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award Class Representative Adreana Rodriguez $5,000 from the Settlement Fund for her service in helping to bring and settle this case.  Defendant has agreed that Class Counsel may be paid reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court.  Class Counsel will seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice and Settlement Agreement, go to www.splishsplashticketfeesettlement.com, contact the Settlement Administrator at 1-800-___-____ or Splish Splash Ticket Fee Settlement Administrator, [address], or call Class Counsel at 1-646-837-7150.

**EXHIBIT C**

*Rodriguez v. Festival Fun Parks, LLC d/b/a Palace Entertainment*,
Civil Action No. 2:24-cv-01245-NJC-ARL

**If You Purchased Electronic Tickets to Splish Splash waterpark between August 29, 2022 and March 5, 2024 and Paid a Processing Fee In Connection With Such Purchase, You May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit claiming that Festival Fun Parks, LLC d/b/a Palace Entertainment ("Defendant"), failed to properly disclose a processing fee for electronic tickets to its Splish Splash waterpark prior to those tickets being selected for purchase, in alleged violation of New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4). Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included in the settlement if you purchased electronic tickets to Splish Splash waterpark between August 29, 2022 and March 5, 2024 and paid a fee in connection with such purchase. Persons included in the settlement will be eligible to receive a *pro rata* portion of the Settlement Fund, which will be based on the total amount of processing fees they paid.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the settlement. |
| **GO TO THE HEARING ON [DATE]** | Ask to speak in Court about your opinion of the settlement. |
| **DO NOTHING** | You won't get a share of the settlement benefits and will give up your rights to sue the Defendant about the claims in the case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

**BASIC INFORMATION**

**1. Why was this Notice issued?**

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the settlement. This Notice explains the lawsuit, the settlement, and your legal rights.

The case is called *Rodriguez v. Festival Fun Parks, LLC d/b/a Palace Entertainment*, Civil Action No. 2:24-cv-01245-NJC-ARL. The person who sued is called the Plaintiff. The Defendant is Festival Fun Parks, LLC d/b/a Palace Entertainment.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Adreana Rodriguez) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Settlement Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant failed to properly disclose a processing fee for electronic tickets to its Splish Splash waterpark prior to those tickets being selected for purchase, in alleged violation of ACAL § 25.07(4). Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

> All individuals in the United States who purchased electronic tickets to the Splish Splash waterpark from Defendant's website, www.splishsplash.com, from August 29, 2022 to and through March 5, 2024, and were charged processing fees.

## THE SETTLEMENT BENEFITS

### 6. What does the settlement provide?

*Monetary Relief.* A Settlement Fund will be created totaling $1,000,000. Payments to Settlement Class Members, and the cost to administer the settlement, the cost to inform people about the settlement, attorneys' fees (inclusive of litigation costs), and an award to the Class Representative will also come out of this fund (*see* Question 12).

*Prospective Relief.* Defendant has agreed to maintain the purchase flows for tickets to its Splish Splash waterpark on its website in a manner that either (1) does not charge fees on ticket sales, or (2) if fees will be charged, Defendant shall clearly and conspicuously disclose the total cost of the tickets, inclusive of fees, prior to the ticket being selected for purchase, unless and until New York Arts and Cultural Affairs Law § 25.07(4) is amended, repealed, or otherwise invalidated.

A detailed description of the settlement benefits can be found in the Settlement Agreement, a copy of which is accessible on the Settlement Website by clicking here. [insert hyperlink]

### 7. How much will my payment be?

To receive a *pro rata* share of the Settlement Fund, which will be based on the total amount of fees you paid, you **must** submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking [here.] Your payment will by PayPal, Venmo, Zelle, or check, at your election. Claim Forms must be submitted online by 11:59 p.m. EST on [DATE] or postmarked and mailed by [DATE]. You can contact Class Counsel at (646) 837-7150 to inquire as to the number of claims and/or requests for exclusion that have been received to date.

### 8. When will I get my payment?

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will receive their payment 60 days after. The payment will be made in the form of a check, unless you elect to receive payment by PayPal, Zelle, or Venmo, and all checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Settlement Class Member and you want to get a payment, you **<u>must</u>** complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found

and submitted by clicking here [hyperlink], or by printing and mailing a paper Claim Form, copies of which are available for download here [hyperlink].

We also encourage you to submit your claim on-line. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Settlement Class?**

If the settlement becomes Final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by this settlement. The specific claims you are giving up against the Defendant are described in the Settlement Agreement. You will be "releasing" the Defendant and certain of its affiliates, employees and representatives as described in Section 1.33 of the Settlement Agreement. Unless you exclude yourself (*see* Question 13), you are "releasing" the claims, regardless of whether you claim your electronic payment or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions, you can talk to the lawyers listed in Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in the case?**

The Court has appointed Philip L. Fraietta, Stefan Bogdanovich, and Eleanor R. Grasso of Bursor & Fisher, P.A. and Rachel Dapeer of Dapeer Law, P.A. to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**12. How will the lawyers be paid?**

The Defendant has agreed that Class Counsel's attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court. The fee petition will seek no more than one-third of the Settlement Fund, inclusive of reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed that the Class Representative may be paid a service award of $5,000 from the Settlement Fund for her services in helping to bring and resolve this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must submit a request for exclusion by 11:59 p.m. EST on [objection/exclusion deadline]. Requests for exclusion may be submitted either on the Settlement Website (via the online form accessible here [insert hyperlink]) or by mailing or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Rodriguez v. Festival Fun Parks, LLC d/b/a Palace Entertainment*, Civil Action No. 2:24-cv-01245-NJC-ARL settlement. Your letter or request for exclusion must also include your name, your address, a statement that you purchased electronic tickets to Splish Splash waterpark from Defendant's Website from August 29, 2022 through and including March 5, 2024; and paid a processing fee in connection with such purchase, your signature, the name and number of this case, and a statement that you wish to be excluded. If you choose to submit a request for exclusion by mail, you must mail or deliver your exclusion request, postmarked no later than [Objection/Exclusion Deadline], to the following address:

Splish Splash Ticket Fee Settlement
0000 Street
City, ST 00000

### 14. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this settlement.

### 15. If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, you will not receive any payment from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 16. How do I object to the settlement?

If you are a member of the Settlement Class, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court

a letter or brief stating that you object to the settlement in *Rodriguez v. Festival Fun Parks, LLC d/b/a Palace Entertainment*, Civil Action No. 2:24-cv-01245-NJC-ARL, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a member of the Settlement Class, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the settlement, with or without a lawyer (explained below in answer to Question Number 20), you must say so in your letter or brief. File the objection with the Court (or mail the objection to the Court) and mail a copy of the objection to Class Counsel and Defendant's Counsel, at the addresses below, postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Honorable Nusrat J. Choudhury United States District Court for the Eastern District of New York, Courtroom 1040, 100 Federal Plaza, Central Islip, NY 11722 | Philip L. Fraietta Bursor & Fisher P.A. 1330 Avenue of the Americas, 32nd Floor New York, NY 10019 | Elizabeth Del Cid O'Hagan Meyer PLLC 225 West 34th Street, 9th Floor New York, NY 10122 |

## 17. What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

## 18. When and where will the Court decide whether to approve the settlement?

The Court will hold the Final Approval Hearing at _____ .m. on [date] in Courtroom 1040 at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722.  The purpose of the hearing will be for the Court to determine whether to approve the settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check for updates by visiting the Settlement Website at www.splishsplashticketfeesettlement.com or calling (800) 000-0000.  If, however, you timely objected to the settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of the Final Approval Hearing.

## 19. Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but it's not required.

## 20. May I speak at the hearing?

Yes.  You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in Rodriguez v. Festival Fun Parks, LLC d/b/a Palace Entertainment, Civil Action No. 2:24-cv-01245-NJC-ARL."  It must include your name, address, telephone number, and signature as well as the name and address of your lawyer, if one is appearing for you.  Your objection and notice of intent to appear must be filed with the Court and postmarked no later than [Objection Deadline], and be sent to the addresses listed in Question 16.

## GETTING MORE INFORMATION

## 21. Where do I get more information?

This Notice summarizes the settlement.  More details are in the Settlement Agreement.  You

can get a copy of the Settlement Agreement at ==www.splishsplashticketfeesettlement.com==. You may also write with questions to ==Splish Splash Ticket Fee Settlement, P.O. Box 0000, City, ST 00000==.  You can call the Settlement Administrator at ==(800) 000-0000== or Class Counsel at (646) 837-7150, if you have any questions.  Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT D-1**

| | |
|---|---|
| ADREANA RODRIGUEZ, individually and on behalf of all others similarly situated, <br><br>      Plaintiff, <br><br>    v. <br><br> FESTIVAL FUN PARKS LLC d/b/a PALACE ENTERTAINMENT, <br><br>      Defendant. | Civil Action No. 2:24-cv-01245-NJC-ARL |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiff Adreana Rodriguez and Defendant Festival Fun Parks, LLC d/b/a Palace Entertainment ("Defendant") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Bursor & Fisher P.A. (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as agent for his law firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of New York for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Settlement Order and Judgment are upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or to the Settlement Fund any of attorneys' fees and costs that are owed to either pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to the Firm, summarily issue orders, including but not

limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: August 19, 2025

BURSOR & FISHER, P.A.

_____
By: Scott A. Bursor, on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiff Adreana Rodriguez and Class Counsel

DATED: August 11, 2025

O'HAGAN MEYER PLLC

_____
By: Elizabeth Del Cid
Attorneys for Defendant Festival Fun Parks, LLC d/b/a Palace Entertainment

3

**EXHIBIT D-2**

ADREANA RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FESTIVAL FUN PARKS LLC d/b/a PALACE ENTERTAINMENT,

Defendant.

Civil Action No. 2:24-cv-01245-NJC-ARL

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiff Adreana Rodriguez and Defendant Festival Fun Parks, LLC d/b/a Palace Entertainment ("Defendant") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Dapeer Law, P.A. (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of herself as individual and as agent for her law firm, hereby submits herself and her law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of New York for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Settlement Order and Judgment are upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or to the Settlement Fund any of attorneys' fees and costs that are owed to either pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to the Firm, summarily issue orders, including but not

limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: __Aug 19, 2025__, 2025          DAPEER LAW, P.A.

Rachel Dapeer (Aug 19, 2025 17:27:39 EDT)

By: Rachel Dapeer, on behalf of Dapeer Law, P.A.
Attorneys for Plaintiff Adreana Rodriguez and Class Counsel

DATED: __August 11__, 2025          O'HAGAN MEYER PLLC

By: Elizabeth Del Cid
Attorneys for Defendant Festival Fun Parks, LLC d/b/a Palace Entertainment

3