UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ADREANA RODRIGUEZ, individually and
on behalf of all others similarly situated,

Plaintiff,

**ORDER**

-against- CV 24-1245 (ARL)

FESTIVAL FUN PARKS LLC d/b/a
PALACE ENTERTAINMENT,
                              Defendant.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Plaintiff Adreana Rodriguez, individually and on behalf of all others similarly situated

("Plaintiff") brings this action for violation of New York Arts & Cultural Affairs Law § 25.07 as

a result of processing fees assessed by Festival Fun Parks LLC d/b/a Palace Entertainment

("Defendant") at Defendant's place of entertainment, Splish Splash. Plaintiff asks the Court for

(1) for preliminary approval of class action settlement; (2) provisionally certifying the Settlement

Class under Federal Rule of Civil Procedure 23(b)(3); (3) appointing Philip L. Fraietta, Stefan

Bogdanovich, and Eleanor R. Grasso of Bursor & Fisher, P.A. and Rachel Dapeer of Dapeer

Law, P.A.as Class Counsel; (4) appointing Adreana Rodriguez as the Class Representative for

the Settlement Class; and (5) granting such other, further, or different relief as the court deems

just and proper. ECF No. 27. The motion is unopposed. For the reasons set forth below, the

motion is granted.

## BACKGROUND

### I.      Factual History

Defendant owns and operates amusement parks throughout the United States, including

the Splish Splash Waterpark in Calverton, New York. ECF No. 1, Complaint ¶ 8. Plaintiff

alleges that when consumers purchase tickets to Splish Splash on Defendant's Website, they are "quoted a fee-less price, only to be ambushed by a $4.00 'processing fee' at checkout after clicking through the various screens required to make a purchase." *Id*. ¶ 1. According to Plaintiff this conduct violates New York Arts & Cultural Affairs Law § 25.07 in that Defendant failed to "disclose the 'total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket' after a ticket is selected," and because Defendant "increase[ed] the price of their tickets during the purchase process." *Id*. ¶¶ 25-26. Plaintiff purchased tickets on Defendant's Website and was forced to pay Defendant's Processing Fee.

## II.     Procedural History

On February 16, 2024, Plaintiff, on behalf of herself and all others similarly situated, commenced this class action. ECF No. 1.  On April 5, 2024, Defendant moved to compel arbitration pursuant to the Federal Arbitration Act. ECF No. 6. The motion was denied by District Judge Choudhury on January 27, 2025. On March 10, 2025, Defendant filed an Answer to the Complaint denying the allegations and liability generally, and raising 14 affirmative defenses. ECF No. 21. On March 11, 2025, the Court entered a Scheduling Order, ECF No. 24, and referred the parties to mediation. In accordance with the Court's directive, on May 7, 2025, the parties participated in a mediation session. Declaration of Philip L. Fraietta dated August 19, 2025 ("Fraietta Dec.") ¶ 11. The parties did not reach an agreement during the first mediation but they agreed to resume their mediation approximately 30 days later. *Id*. On June 5, 2025, the parties conducted a second mediation that was also unsuccessful. *Id*. at ¶12. The parties continued discussion following the mediation and on July 30, 2025, reached an agreement on all material terms of a class action settlement and executed a term sheet. *Id*. at ¶ 13. In the weeks following, a Settlement Administrator was engaged, and the Parties negotiated the terms of the

Settlement. *Id*. at ¶ 14 and Ex. 1.

## The Proposed Settlement

The total settlement fund amount is $1,000,000 ("Settlement Amount"). ECF No. 27-3 at § 1.38. Pursuant to the Settlement Agreement, Defendant shall establish a non-reversionary cash fund ("Settlement Fund"). *Id.* at § 1.41. The Settlement Fund shall be used to pay "all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any Service Award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court to be paid from the Settlement Fund." *Id*. Each Settlement Class Member who submits a Claim Form will receive a pro rata cash payment as a percentage of the total amount of Out-of-Pocket Fees he or she paid to Defendant during the class period. *Id*. at § 2.1(b). The Settlement also provides prospective relief aimed at the challenged conduct. Pursuant to the Settlement Agreement, Defendant agrees to maintain the purchase flows for tickets to its Splish Splash amusement park in New York in a manner that, if Processing Fees will be charged, clearly and conspicuously discloses the total cost of the 4 tickets, inclusive of Processing Fees, prior to the ticket being selected for purchase. *Id.* at § 2.2.

The Settlement Class is comprised of "all individuals in the United States who purchased electronic tickets to the Splish Splash waterpark from Defendant's website, www.splishsplash.com, from August 29, 2022 to and through March 5, 2024, and were charged processing fees. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who submit a timely and valid request for exclusion from the class; (4)

the legal representatives, successors or assigns of any such excluded persons; and (5) Class Counsel." *Id*. at § 1.39.

According to the Settlement Agreement, Class Notice shall be distributed by the Settlement Administrator using names and last known email addresses as provided by Defendants. *Id*. at § 4.1 The Settlement Administrator shall also provide Notice on a website at an available settlement URL (such as, for example, www.splishsplashticketfeesettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator and shall provide Settlement Class Members with the ability to file Claim Forms online." *Id*. at § 4.1(d). Class Notice will commence within 28 days following the entry of this Court's Order on the Motion for Preliminary Approval. *Id*. at § 4.1(b). The agreement further provides that "not later than ten (10) days after the Agreement is filed with the Court, the Defendant, with the Settlement Administrator acting on its behalf, shall cause to be served upon the Attorneys General of each U.S. State and Territory in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law." *Id*. at § 4.1(e).

Class Counsel may apply to receive one-third of the Settlement Fund, which includes attorneys' fees and other costs and expenses incurred within this action. *Id*. at § 8.1. Finally, the Settlement Agreement provides that Class Counsel intends to file a motion for approval of a Service Award of up to $5,000 to be paid to the Class Representative. *Id*. at § 8.31.

<b>DISCUSSION</b>

## I. Preliminary Approval of the Settlement

The approval of a proposed class action settlement is a matter of discretion for the trial court. *See Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1079 (2d Cir. 1995). "In

exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2010 U.S. Dist. LEXIS 139137, 2010 WL 5509089, at *2 (E.D.N.Y. Nov. 29, 2010) (internal quotation marks and citation omitted).  "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . .." *Id*. (internal quotation marks and citation omitted).

Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process.  It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement.  After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.  Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.  *Id*. at *2 (citing Herbert B. Newberg & Alba Conte, Newberg on Class Actions ("Newberg"), § 11.25 (4th ed. 2002)).  To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.R.,* 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks and citation omitted); Newberg§ 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness  and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members) (quoting Manual for Complex Litigation (3d ed.) § 30.41).  The Second Circuit has historically used a nine-factor test articulated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) to determine whether a settlement is fair, reasonable, and adequate.  However, fleshing out the nine Grinnell factors at this stage of the settlement approval process is premature and such a review is reserved for the

final stage of approval. *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 n.7 (E.D.N.Y. 2006) (recognizing that some courts apply the Grinnell factors at the preliminary approval stage, but concluding that "[l]ittle is gained, however, in applying Grinnell at such an early stage since the proposed settlement has yet to be tested in a fairness hearing, after which the court would still be required to 'make[ ] a final determination as to whether the proposed settlement is 'fair, reasonable and adequate''").

The Court has reviewed the terms of the Settlement Agreement, including the monetary relief provisions, the prospective relief proposed, the plan of allocation, and the release of claims. Based on its review of the Settlement, the Memorandum, and the Court's familiarity with this case, the Court finds that the Settlement is the result of extensive, arm's-length negotiations between the parties with the help of a mediator, after Plaintiff's counsel and Defendant's counsel had fully investigated the claims and become familiar with the strengths and weaknesses of the claims. Based on all of these factors, the Court finds that the Settlement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n,* 627 F.2d at 634*; Willix*, 2010 WL 5509089, at *2-3.

## II. **Conditional Certification of the Proposed Rule 23 Settlement Class**

The Court finds that the Settlement satisfies all the requirements for conditional certification under Rule 23(b)(3). Specifically, the class is sufficiently numerous that joinder is impracticable. The members of the class share common issues of fact and law, including whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase and whether the displayed price of Defendant's tickets increased during the purchase process both in violation of New York Arts & Cultural Affairs Law § 25.07(4). Plaintiff has claims that are typical of those

6

of the class because Defendant's Website's purchase flows were presented in the exact same manner and were directed at, or affected, both Plaintiff and the members of the putative class in the same exact way. Plaintiff is an adequate representatives of the Class since her interests are co-extensive with the interests of the Class Members and are not in conflict with them, Plaintiff and each member of the Settlement Class purchased tickets to Defendant's Splish Splash waterpark and paid an allegedly unlawful Processing Fee. Plaintiff has also retained experienced counsel to represent the class.  The questions of law and fact common to the Class predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy.

The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes only ("Settlement Class")[1]:

> all individuals in the United States who purchased electronic tickets to the Splish Splash waterpark from Defendant's website, www.splishsplash.com, from August 29, 2022 to and through March 5, 2024, and were charged processing fees.

III. **Appointment of Plaintiff's Counsel as Class Counsel**

For purposes of the Settlement, this Court approves Philip L. Fraietta, Stefan Bogdanovich, and Eleanor R. Grasso of Bursor & Fisher, P.A. ("Bursor") and Rachel Dapeer of Dapeer Law, P.A ("Dapeer") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).  *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (explaining that Rule 23(g) requires the court to consider "the work counsel has

---

[1] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who submit a timely and valid request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) Class Counsel

done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims. Indeed, Bursor has considerable experience litigation consumer claims and has been appointed class counsel in dozens of cases in both federal and state courts. *See, e.g.*, *Lucchese-Soto v. Criterion Collection, LLC*, No. 1:24-cv-07345-VEC, 2025 U.S. Dist. LEXIS 204508 (S.D.N.Y. Oct. 15, 2025) (finding Bursor to be experienced class counsel); (Bursor "has represented other plaintiffs in more than one hundred class action lawsuits, including several consumer class actions that proceeded to jury trials in which Bursor . . . achieved favorable results for the plaintiffs. Thus, Bursor . . . has experience in class actions"); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor . . . are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008."). Dapeer has held leadership roles in class litigation, including class actions against insurance companies for their deceptive and fraudulent payment practices, class actions involving product labeling, class actions for TCPA violations, and consumer privacy class actions. Fraitta Dec. ¶ 20, Ex. 3.

In addition, for purposes of the Settlement, the Court approves Epiq as the Settlement Administrator. *See Rabinowitz v. Colgate-Palmolive Co.,* No. 2:25-cv-06996 (JMW), 2026 U.S. Dist. LEXIS 46730, 2026 WL 632506 (E.D.N.Y. Mar. 6, 2026) ("It is beyond peradventure that Epiq is qualified to act as Class Administrator. Indeed, Epiq has been appointed Class

Administrator in a variety of class actions in this Circuit").

## IV. Notice

The proposed Notice, attached as Exhibit B to the Settlement Agreement, fully and accurately informs the Class Members of all material elements of the action and the proposed Settlement.  Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class  judgment on class members under Rule 23(c)(3).

Fed. Rule Civ. Pro. 21(c)(2)(B).  The proposed Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *see also Willix,* 2010 U.S. Dist. LEXIS 139137*,* 2010 WL 5509089, at *3-4. The proposed Notice is appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and  place of the final approval hearing. *Id*.

## V.  Class Action Settlement Procedure

The parties propose to disseminate Notice to the class using a multi-part notice plan. First, Defendant will provide a list identifying names, last known email addresses, and the total amount of Out-of-Pocket Fees paid by each Settlement Class Member, to the extent available, to the Settlement Administrator. *See* Settlement § 4.1(a). Defendant was required to provide this list 28 days after the execution of the Settlement Agreement, thus the Settlement Administrator

should at this point be in possession of the list. The Settlement Administrator will then send notice by email to all members of the Settlement Class for whom a valid email address is identified in Defendant's records. *See id*. at § 4.1(b). The email will contain an electronic link to the online Claim Form. *See id*. In addition, the Settlement Administrator will establish a Settlement Website that shall contain the "long form notice," as well as access to important Court documents, upcoming deadlines, and the ability to file Claim Forms online. *See id.* § 4.1(d). The Settlement Administrator will send two reminder notices both 30 days and 7 days prior to the Claims Deadline to all Settlement Class Members who have yet to file a claim at that time.  The Court finds that the method of disseminating the Notice, as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

Based on the foregoing, the proposed Notice is hereby approved by the Court.  Within 28 days of the filing of this Order, in accordance with Section 4.1 (b) of the Settlement Agreement, the Settlement Administrator will send the Notice in the form attached as Exhibit B to the Settlement Agreement to all Class Members via email.  Within ten days from entry of this Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.splishsplashticketfeesettlement.com).

Class Counsel shall file its motion in support of their Fee Award and Class Representative's service award no later than May 8, 2026. Defendant's response, if any shall be filed no later than May 22, 2026.

Each Class Member shall have until May 26, 2026 to object to or opt out of the Settlement.

Class Counsel shall file a motion for final approval of the settlement as set forth in the

10

Settlement Agreement no later than June 11, 2026.

The Court will conduct a fairness hearing on June 25, 2026, at 12:00 p.m. to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate; and (b) Class Counsel's application for attorneys' fees and costs.

Dated: Central Islip, New York  
      March 18, 2026

**SO ORDERED:**

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge